

**07-CV-00453-RPT**

FILED
LODGED
RECEIVED    MAIL

MAR 29 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MENU FOODS POISONED PET FOOD LITIGATION | No. MDL DOCKET NO. |

### SCHEDULE OF ACTIONS RELATED TO PLAINTIFFS MOTION FOR CENTRALIZATION AND COORDINATION OF PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

1.    *Tom Whaley, individually and on behalf of all others similarly situated v. Menu Foods, a foreign corporation, The Iams Company, a foreign corporation, Dog Food Producers Numbers 1-50 and Cat Food Producers 1-40*, No. C07-0411M, pending in the Western District of Washington at Seattle (Hon. Judge Ricardo S. Martinez);

2.    *Stacey Heller, Toinette Robinson, David Rapp, and Cecily and Terrence Mitchell, individually and on behalf of all others similarly situated, v. Menu Foods, a foreign corporation*, No. C07-0453JJC, pending in the Western District of Washington at Seattle (Hon. Judge John C. Coughenour);

3.    *Suzanne E. Johnson and Craig R. Klemann, individually and on behalf of all others similarly situated, v. Menu Foods, a foreign corporation*, No. C07-0455JCC, pending in the Western District of Washington at Seattle (Hon. Judge John C. Coughenour);

4.    *Audrey Kornelius and Barbara Smith, individually and on behalf of all others similarly situated, v. Menu Foods, a foreign corporation*, No. C07-0454MJP, pending in the Western District of Washington at Seattle (Hon. Judge Marsha J. Pechman);

5.    *Michele Suggett and Don James, individually and on behalf of all similarly situated v. Menu Foods, a foreign corporation; The Iams Company, a foreign corporation; Eukanuba, a foreign corporation; Dog Food Producers Numbers 1-100 and Cat Food Producers 1-100; and DOES1-100*, No. C07-0457RSM, pending in the Western District of Washington at Seattle (Hon. Judge Ricardo S. Martinez);

001958-12 161370 V1

Dockets.Justia.com

6.    *Charles Ray Sims and Pamela Sims, individually and on behalf of all others similarly situated v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc., Menu Foods, Inc., Menu Foods Holdings, Inc.*, No. 07-5053, pending in the Western District of Arkansas, Fayetteville Division (Hon. Judge Jimm Larry Hendren);

7.    *Richard Scott and Barbara Widen, individually and all others persons similarly situated v. Menu Foods, Menu Foods Income Fund, Menu Foods Gen Par Limited, Menu Foods Limited Partnership, Menu Foods Operating Partnership, Menu Foods Midwest Corp, Menu Foods South Dakota, Menu Foods, Inc., Menu Foods Holdings, Inc., Wal-Mart Stores, Inc.*, No. 07-5055, pending in the Western District of Arkansas, Fayetteville Division (Hon. Judge Robert T. Dawson);

8.    *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. and Menu Foods Income Fund*, No. 07-60428 CIV-COHN, pending in the Southern District of Florida (Hon. Judge James I. Cohn);

9.    *Dawn Majerczyk, individually and on behalf of a class of similarly situated individuals v. Menu Foods, Inc., a New Jersey Corporation*, No. 07CV1543, pending in the Northern District of Illinois, Eastern Division (Hon. Judge Wayne R. Anderson);

10.    *Lizajean Holt, individually and on behalf of similarly situated persons v. Menu Foods, Inc.*, No. 07-cv-00094, pending in the Eastern District of Tennessee, Knoxville Division (Hon. Judge Thomas W. Phillips);

11.    *Jared Workman, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated v. Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation*, No. 07-cv-1338-NLH-AMD, pending in the District of New Jersey (Hon. Judge Noel L. Hillman);

12.    *Lauri A. Osborne, individually and on behalf of all others similarly situated v. Menu Foods, Inc.*, No. 07CV00469RNC, pending in the District of Connecticut (Hon. Judge Robert N. Chatigny); and

13.    Shirley *Sexton v. Menu Foods Income Fund, Menu Foods, Inc., a New Jersey Corporation, and Menu Foods Midwest Corp., a Delaware aorporation*, No. CV07-01958 GHK (AJWx), pending in the Central District of California (Hon. Judge George H. King).

Copies of the Complaints are attached as Exhibits A - M hereto.

Dated: March 28, 20007

HAGENS BERMAN SOBOL SHAPIRO LLP


By

    Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com

Philip H. Gordon
Bruce S. Bistline
Gordon Law Offices
623 West Hays St.
Boise, ID 83702
Telephone: (208) 345-7100
Facsimile: (206) 623-0594
E-mail: pgordon@gordonlawoffices.com

Adam P. Karp
Animal Law Offices of Adam P. Karp
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
Telephone: (360) 738-7273
Facsimile (360) 392-3936
Email: adam@animal-lawyer.com

*Attorneys for Plaintiffs Tom Whaley, Stacey
Heller, Toinette Robinson, David Rapp, Cecily
and Terrence Mitchell, Suzanne E. Johnson,
Craig R. Klemann, Audrey Kornelius, Barbara
Smith, Michele Suggett and Don James*

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 1 9 2007   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

TOM WHALEY individually and on behalf of
all others similarly situated,

                Plaintiff,

        vs.

MENU FOODS, a foreign corporation, THE
IAMS COMPANY, a foreign corporation, DOG
FOOD PRODUCERS NUMBERS 1- 50 and
CAT FOOD PRODUCERS 1- 40,

                Defendants.

No. **CV7 0411 M**

CLASS ACTION COMPLAINT

07-CV-00411-CMP

Plaintiff Tom Whaley, by and through his undersigned attorneys, Myers & Company,

P.L.L.C., brings this civil action for damages on behalf of himself and all others similarly

situated against the above-named Defendants and complains and alleges as follows:

## I.    NATURE OF ACTION

1.1    Mr. Whaley brings this action as a Class Action pursuant to Rule 23 of the

Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food

CLASS ACTION COMPLAINT - 1

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

_____FILED _____ENTERED
_____LODGED_____ ... RECEIVED

MAR 19 2007    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

TOM WHALEY individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

MENU FOODS, a foreign corporation, THE IAMS COMPANY, a foreign corporation, DOG FOOD PRODUCERS NUMBERS 1- 50 and CAT FOOD PRODUCERS 1- 40,

        Defendants.

No. **CV7  0411M**

CLASS ACTION COMPLAINT



**07-CV-00411-CMP**

Plaintiff Tom Whaley, by and through his undersigned attorneys, Myers & Company, P.L.L.C., brings this civil action for damages on behalf of himself and all others similarly situated against the above-named Defendants and complains and alleges as follows:

## I.    NATURE OF ACTION

1.1    Mr. Whaley brings this action as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food

CLASS ACTION COMPLAINT - 1

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1  which was produced by any of the above-named defendants and/or has had a dog or cat become

2  ill as a result of eating the food.

3       1.2     The defendants are producers and distributors of, *inter alia*, dog and cat food.

4  Menu Foods produces dog and cat food under familiar brand names such as Iams, Eukanuba and

5  Science Diet. Menu Foods distributes its dog and cat food throughout the United States to

6  retailers such as Wal-Mart, Kroger and Safeway.

7       1.3     Dog and cat food which the defendants produced has caused an unknown number

8  of dogs and cats to become ill and die.

9

10       1.4     To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

11  food which are causing dogs and cats to become ill. All recalled food to date is of the "cuts and

12  gravy wet" style.

13       1.5     As a result of the Defendants' actions Mr. Whaley and other Class members have

14  suffered emotional and economic damage.

15                **II.    PARTIES**

16       2.1     Plaintiff Tom Whaley has at all material times been a resident of Ontario, Oregon.

17       2.2     Defendant Menu Foods is, upon information and belief, a corporation organized

18  under the laws of Canada which transacts business in Washington State and Oregon State.

19       2.3     Defendant The Iams Company, is upon information and belief, a foreign

20  corporation which transacts business in Washington State and Oregon State.

21

22              **III.    JURISDICTION AND VENUE**

23       3.1     Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

24  Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds

25

CLASS ACTION COMPLAINT - 2

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1    $75,000.00. This court has supplemental jurisdiction over the state law claims pursuant to 28

2    U.S.C. § 1367.

3       3.2     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because

4    the Defendants systematically and continuously sold their product within this district and

5    Defendants transact business within this district.

6
                     IV.     CLASS ACTION ALLEGATION
7
        4.1     Mr. Whaley brings this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2)
8
     and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff Class (the
9
     "Class") composed of all persons who purchased any dog or cat food which was produced by the
10
     defendants and/or has had a dog or cat become ill as a result of eating the food. Mr. Whaley
11
     reserves the right to modify this class definition prior to moving for class certification.
12

13      4.2     This action has been brought and may be properly maintained as a class action

14   pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

15          a.      The Class is ascertainable and there is a well-defined community of

16   interest among the members of the Class;

17          b.      Membership in the Class is so numerous as to make it impractical to bring

18   all Class members before the Court. The identity and exact number of Class members is

19   unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that

20   Menu Foods has identified 50 dog foods and 40 cat foods which may be causing harm to pets.

21
            c.      Mr. Whaley's claims are typical of those of other Class members, all of
22
     whom have suffered harm due to Defendants' uniform course of conduct.
23

24          d.      Mr. Whaley is a member of the Class.

25


CLASS ACTION COMPLAINT - 3

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

e.    There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

i.    Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

ii.    Were the defendants' representations regarding the safety of the dog and cat food false?

iii.    Did the defendants' dog and cat food cause Mr. Whaley and other Class members' pets to become ill?

iv.    Were Mr. Whaley and other Class members damaged?

f.    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g.    Mr. Whaley will fairly and adequately protect the interests of the Class in that Mr. Whaley has no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent himself and the Class;

h.    Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i.    Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if

CLASS ACTION COMPLAINT - 4

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1    any, Class members could afford to seek legal redress individually for the wrongs Defendants

2    have committed against them;

3        j.    This action will foster an orderly and expeditious administration of Class

4    claims, economies of time, effort and expense, and uniformity of decision;

5        k.    Inferences and presumptions of materiality and reliance are available to

6    obtain class-wide determinations of those elements within the Class claims, as are accepted

7    methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants'

8    common liability, the Court can efficiently determine the claims of the individual Class

9    members;

10       l.    This action presents no difficulty that would impede the Court's

11   management of it as a class action, and a class action is the best (if not he only) available means

12   by which members of the Class can seek legal redress for the harm caused them by Defendants.

13       m.    In the absence of a class action, Defendants would be unjustly enriched

14   because they would be able to retain the benefits and fruits of their wrongful conduct.

15   4.3    The Claims in this case are also properly certifiable under applicable law.

16

17              V.    STATEMENT OF FACTS

18   5.1    Plaintiff Tom Whaley was the owner of a female cat named Samoya.

19   5.2    Mr. Whaley purchased Iams brand cuts and gravy wet-style cat food from Wal-

20   Mart for Samoya to consume.

21   5.3    Samoya ate the Iams brand cuts and gravy wet-style cat food between December

22   2006 and February 2007.

23

24

25

CLASS ACTION COMPLAINT - 5

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

5.4     Samoya became extremely ill and Mr. Whaley took her to a veterinarian who informed him that Samoya had suffered kidney failure, also known as acute renal failure. Samoya had to be euthanized.

5.5     In March 2007 Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food which had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure.

5.6     The Iams brand cuts and gravy wet-style cat food that Samoya consumed between December 2006 and February 2007 is one of the brands that Menu Foods recalled.

5.7     As a result of Defendants' acts and omissions Mr. Whaley and other Class members have suffered emotional and economic damage.

## VI.     CAUSES OF ACTION

A.      Breach of Contract

6.1     Plaintiff realleges all prior allegations as though fully stated herein.

6.2     Plaintiff and Class members purchased pet food produced by the defendants based on the understanding that the food was safe for their pets to consume.

6.3     The pet food produced by the defendants was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

6.4     As a result of the breach Plaintiffs and Class members suffered damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

CLASS ACTION COMPLAINT - 6

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

**B.    Unjust Enrichment**

6.5    Mr. Whaley realleges all prior allegations as though fully stated herein.

6.6    Defendants were and continue to be unjustly enriched at the expense of Mr. Whaley and other Class members.

6.7    Defendants should be required to disgorge this unjust enrichment.

**C.    Unlawful, Deceptive and Unfair Business Practices**

6.8    Mr. Whaley realleges all prior allegations as though fully stated herein.

6.9    Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

6.10    Defendants' sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

6.11    As a result of Defendants' unfair or deceptive acts or practices Mr. Whaley and other class members suffered injuries in an amount to be proven at trial.

**D.    Breach of Warranties**

6.12    Mr. Whaley realleges all prior allegations as though fully stated herein.

6.13    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

6.14    Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

6.15    Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.

CLASS ACTION COMPLAINT - 7

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

6.16    Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

6.17    As a proximate result of the aforementioned wrongful conduct and breach, Mr. Whaley and other class members have suffered damages in an amount to be proven at trial. Defendants had actual or constructive notice of such damages.

E.    Negligent Misrepresentation

6.18    Mr. Whaley realleges all prior allegations as though fully stated herein.

6.19    Defendants owed Mr. Whaley and class members a duty to exercise reasonable care in representing the safety of its dog and cat foods.

6.20    Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

6.21    In reality, defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

6.22    Mr. Whaley and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

6.23    As a proximate cause of Defendants' false representations Mr. Whaley and other Class members suffered damages in an amount to be proven at trial.

**VII.    PRAYER FOR RELIEF**

WHEREFORE, Mr. Whaley and Class members request that the Court enter an order of judgment against Defendants including the following:

A.    Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

CLASS ACTION COMPLAINT - 8

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1       B.     Actual damages (including all general, special, incidental, and consequential

2   damages), statutory damages (including treble damages), punitive damages (as allowed by the

3   law(s) of the states having a legally sufficient connection with defendants and their acts or

4   omissions) and such other relief as provided by the statutes cited herein;

5       C.     Prejudgment and post-judgment interest on such monetary relief;

6
        D.     Equitable relief in the form of restitution and/or disgorgement of all unlawful or
7
    illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct
8
    alleged herein;
9

10      E.     Other appropriate injunctive relief;

11      F.     The costs of bringing this suit, including reasonable attorneys' fees; and

12      G.     Such other relief as this Court may deem just, equitable and proper.

13  DATED this 19th day of March, 2007.

14                   MYERS & COMPANY, P.L.L.C.

15                   Attorneys for Plaintiffs and Class members

16

17                   By:   /s/ Michael David Myers
18                        Michael David Myers
                          WSBA No. 22486
19                        Myers & Company, P.L.L.C.
                          1809 Seventh Avenue, Suite 700
20                        Seattle, Washington 98101
                          Telephone:  (206) 398-1188
21                        Facsimile:  (206) 400-1112
                          E-mail:  mmyers@myers-company.com
22

23

24

25

MYERS & COMPANY, P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON 98101
TELEPHONE (206) 398-1188

1

2

3

4

5

6

```
___ FILED        ___ ENTERED
___ LODGED       ___ RECEIVED

    ★   MAR 27 2007   ★

              AT SEATTLE
      CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY
```

7    UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9    STACEY HELLER, TOINETTE ROBINSON,
DAVID RAPP, and CECILY AND

10   TERRENCE MITCHELL, individually and on
behalf of all others similarly situated,

No. **CV07 - 0453** ~~JCC~~

11                                             CLASS ACTION COMPLAINT

Plaintiff,

12

v.

13

MENU FOODS, a foreign corporation,

14

Defendant.

15

16       Plaintiffs Stacey Heller, Toinette Robinson, David Rapp, and Cecily and Terrence

17   Mitchell ("Plaintiffs"), by and through their undersigned attorneys, bring this civil action for

18   damages on behalf of themselves and all others similarly situated against the above-named

19   Defendant and complain and allege as follows:

20                       I.    **NATURE OF ACTION**

21       1.       Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of

22   Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

23   by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

24   food.

25       2.       The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods

26   produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

CLASS ACTION COMPLAINT  - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161395 V1

1   Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2   as Wal-Mart, Kroger and Safeway.

3       3.      Dog and cat food that the Defendant produced caused an unknown number of

4   dogs and cats to become ill, and many of them to die.

5       4.      To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6   food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7   gravy wet" style.

8       5.      As a result of the Defendant's actions, Plaintiffs and other Class members have

9   suffered economic damage.

10                          II.     PARTIES

11      6.      Plaintiff Stacey Heller has at all material times been a resident of Pulaski,

12  Virginia. Ms. Heller had a pet that became sick and died after eating Defendant's pet food.

13      7.      Plaintiff Toinette Robinson has at all material times been a resident of Truckee,

14  California. Ms. Robinson had a pet that became sick and died after eating Defendant's pet food.

15      8.      Plaintiff David Rapp has at all material times been a resident of Hannover

16  Township, Pennsylvania. Mr. Rapp had a pet that became sick and died after eating Defendant's

17  pet food.

18      9.      Plaintiffs Cecily and Terrence Mitchell have at all material times been a resident

19  of Seattle, Washington. The Mitchells had a pet that became sick and died after eating

20  Defendant's pet food.

21      10.     Defendant Menu Foods is, upon information and belief, a corporation organized

22  under the laws of Canada that transacts business in Washington State.

23                          III.    JURISDICTION AND VENUE

24      11.     Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

25  Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

26



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1   $75,000.00.  This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

2   § 1367.

3        12.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

4   Defendant systematically and continuously sold its product within this district and Defendant

5   transacts business within this district.

6   **IV.    CLASS ACTION ALLEGATION**

7        13.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

8   (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

9   "Class") composed of all persons who purchased any dog or cat food that was produced by the

10  Defendant and/or has had a dog or cat become ill or die as a result of eating the food.  Plaintiffs

11  reserve the right to modify this class definition before moving for class certification.

12       14.    The Class is ascertainable and there is a well-defined community of interest

13  among the members of the Class.

14       15.    Membership in the Class is so numerous as to make it impractical to bring all

15  Class members before the Court.  The identity and exact number of Class members is unknown

16  but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

17  Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

18       16.    Plaintiffs' claims are typical of those of other Class members, all of whom have

19  suffered harm due to Defendant's uniform course of conduct.

20       17.    Plaintiffs are members of the Class.

21       18.    There are numerous and substantial questions of law and fact common to all of

22  the members of the Class that control this litigation and predominate over any questions affecting

23  only individual members of the Class.  The common issues include, but are not limited to, the

24  following:

25       (a)    Was the Defendant's dog and cat food materially defective, and unfit for

26  use as dog or cat food?

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1        (b)      Whether Defendant breached any contract, implied contract or warranties

2   related to the sale of the dog and cat food?

3        (c)      Did the Defendant's dog and cat food cause Plaintiffs' and other Class

4   members' pets to become ill?

5        (d)      Were Plaintiffs and other Class members damaged, and, if so, what is the

6   proper measure thereof?

7        (e)      The appropriate form of injunctive, declaratory and other relief.

8        19.      The prosecution of separate actions by members of the Class would create a risk

9   of establishing incompatible standards of conduct for the Defendant — for example, one court

10  might decide that the Defendant is obligated under the law to pay damages to Class members,

11  and another might decide that the Defendant is not so obligated. Individual actions may, as a

12  practical matter, be dispositive of the interests of the Class.

13       20.      Plaintiffs will fairly and adequately protect the interests of the Class in that they

14  have no interests that are antagonistic to other members of the Class and have retained counsel

15  competent in the prosecution of class actions to represent themselves and the Class.

16       21.      A class action is superior to other available methods for the fair and efficient

17  adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

18  size of individual Class members' claims; and (iii) the limited resources of the Class members,

19  few, if any, Class members could afford to seek legal redress individually for the wrongs

20  Defendant has committed against them.

21       22.      Without a class action, the Class will continue to suffer damage, Defendant's

22  violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

23  the fruits and proceeds of its unlawful misconduct.

24       23.      This action will foster an orderly and expeditious administration of Class claims,

25  economies of time, effort and expense, and uniformity of decision.

26

CLASS ACTION COMPLAINT  - 4
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161395 V1

24.    Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members.

25.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

26.    In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

27.    The Claims in this case are also properly certifiable under applicable law.

## V.    STATEMENT OF FACTS

28.    Plaintiff Stacey Heller was the owner of a female cat named Callie.

29.    Ms. Heller purchased Special Kitty wet cat food from Wal-Mart for Callie to consume.

30.    Callie ate the Special Kitty brand wet-style cat food for several years before her death.

31.    Callie became extremely ill during the week of March 12, 2007. On March 14, 2007, Ms. Heller took Callie to a veterinarian, who informed her that Callie had suffered kidney failure, also known as acute renal failure. On March 19, 2007, Callie had to be euthanized.

32.    Plaintiff Toinette Robinson was the owner of a female dog named Lhotse.

33.    Ms. Robinson purchased Priority U.S. brand wet dog food from Safeway for Lhotse to consume.

34.    Lhotse ate the Priority U.S. brand wet dog food before her death.

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161395 V1

35. Lhotse became extremely ill during the end of January 2007. On February 1, 2007, Ms. Robinson took Lhotse to a veterinarian, who informed her that Lhotse had suffered kidney failure. On February 15, 2007, Lhotse had to be euthanized.

36. Plaintiff David Rapp was the owner of a male dog named Buck.

37. Mr. Rapp purchased Weiss Total Pet wet-style dog food for Buck to consume.

38. Buck became extremely ill in early February 2007. On February 10, 2007, Mr. Rapp took Buck to a veterinarian, who informed him that Buck had suffered kidney failure. Buck died soon afterwards.

39. Plaintiffs Cecily and Terrence Mitchell were the owners of a male cat named Yoda.

40. The Mitchells purchased Iams wet cat food from QFC for Yoda to consume.

41. Yoda became extremely ill and died after eating Iams wet pouches.

42. In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

43. The Special Kitty wet cat food from Wal-Mart that Callie consumed for several years before her death is one of the brands that Menu Foods recalled.

44. The Priority U.S. brand wet dog food from Safeway that Lhotse consumed before her death is also one of the brands that Menu Foods recalled.

45. The Weiss Total Pet wet-style dog food that Buck consumed before his death is another of the brands that Menu Foods recalled.

46. The Iams wet cat food from QFC that Yoda consumed years before his death is also one of the brands that Menu Foods recalled.

47. As a result of Defendant's acts and omissions Plaintiffs and other Class members have suffered economic damage.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

00195R-11 161395 V1

1

## VI.    BREACH OF CONTRACT

2      48.    Plaintiffs reallege all prior allegations as though fully stated herein.

3      49.    Plaintiffs and Class members purchased pet food produced by the Defendant

4  based on the understanding that the food was safe for their pets to consume.

5      50.    The pet food produced by the Defendant was not safe for pets to consume and

6  caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of

7  contract.

8      51.    As a result of the breach Plaintiffs and Class members suffered damages that may

9  fairly and reasonably be considered as arising naturally from the breach or may reasonably be

10  supposed to have been in the contemplation of the parties, at the time they made the contract, as

11  the probable result of the breach of it.

12

## VII.    UNJUST ENRICHMENT

13      52.    Plaintiffs reallege all prior allegations as though fully stated herein.

14      53.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs

15  and other Class members.

16      54.    Defendant should be required to disgorge this unjust enrichment.

17

## VIII.    UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

18      55.    Plaintiffs reallege all prior allegations as though fully stated herein.

19      56.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

20  business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

21  *seq.*, and similar statutory enactments of other states (including consumer protection and

22  consumer sales practice acts).

23      57.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

24  portion of the public and to affect the public interest.

25      58.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and

26  other Class members suffered injuries in an amount to be proven at trial.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161385 V1

## IX.    BREACH OF WARRANTIES

59.    Plaintiffs reallege all prior allegations as though fully stated herein.

60.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

61.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

62.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

63.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

64.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representative and their counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

CLASS ACTION COMPLAINT - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal

2  profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged

3  herein;

4        Other appropriate injunctive relief;

5        The costs of bringing this suit, including reasonable attorneys' fees; and

6        Such other relief as this Court may deem just, equitable and proper.

7        DATED this 27th day of March, 2007.

8                                HAGENS BERMAN SOBOL SHAPIRO LLP

9

10                               By: /s/ Steve W. Berman
                                 Steve W. Berman, WSBA #12536
11                               1301 Fifth Avenue, Suite 2900
                                 Seattle, Washington 98101
12                               Telephone: (206) 623-7292
                                 Facsimile: (206) 623-0594
13                               E-mail: steve@hbsslaw.com

14

15                               MYERS & COMPANY, P.L.L.C.
                                 Michael David Myers
16                               1809 Seventh Avenue, Suite 700
                                 Seattle, Washington 98101
17                               Telephone: (206) 398-1188
                                 Facsimile: (206) 400-1112
18                               E-mail: mmyers@myers-company.com

19                               *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 9
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1

2

____ FILED          ____ ENTERED
____ LODGED         ____ RECEIVED

★    MAR 2 / 2007    ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

3

4

5

6

7     UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9    SUZANNE E. JOHNSON and CRAIG R.
KLEMANN, individually and on behalf of all     No. **CV07-0455**
10   others similarly situated,

11                              Plaintiff,        CLASS ACTION COMPLAINT

12        v.

13   MENU FOODS, a foreign corporation,

14                              Defendant.

15       Plaintiffs Suzanne E. Johnson and Craig R. Klemann ("Plaintiffs"), by and through their

16   undersigned attorneys, bring this civil action for damages on behalf of themselves and all others

17   similarly situated against the above-named Defendant and complain and allege as follows:

18                         **I.    NATURE OF ACTION**

19       1.     Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of

20   Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced

21   by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the

22   food.

23       2.     The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods

24   produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science

25

26

CLASS ACTION COMPLAINT  - 1
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623 0594

001958-11 161455 V1

1  Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2  as Wal-Mart, Kroger and Safeway.

3      3.    Dog and cat food that the Defendant produced caused an unknown number of

4  dogs and cats to become ill, and many of them to die.

5      4.    To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6  food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7  gravy wet" style.

8      5.    As a result of the Defendant's actions, Plaintiffs and other Class members have

9  suffered economic damage.

10              **II.    PARTIES**

11     6.    Plaintiffs Suzanne E. Johnson and Craig R. Klemann have at all material times

12  been residents of Meridian, Idaho. Ms. Johnson and Mr. Klemann have a pet that became sick

13  after eating Defendant's pet food.

14     7.    Defendant Menu Foods is, upon information and belief, a corporation organized

15  under the laws of Canada that transacts business in Washington State.

16              **III.    JURISDICTION AND VENUE**

17     8.    Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

18  Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

19  $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

20  § 1367.

21     9.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

22  Defendant systematically and continuously sold its product within this district and Defendant

23  transacts business within this district.

24              **IV.    CLASS ACTION ALLEGATION**

25     10.   Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and

26  (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1    "Class") composed of all persons who purchased any dog or cat food that was produced by the

2    Defendant and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs

3    reserve the right to modify this class definition before moving for class certification.

4        11.     The Class is ascertainable and there is a well-defined community of interest

5    among the members of the Class.

6        12.     Membership in the Class is so numerous as to make it impractical to bring all

7    Class members before the Court. The identity and exact number of Class members is unknown

8    but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

9    Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

10       13.     Plaintiffs' claims are typical of those of other Class members, all of whom have

11   suffered harm due to Defendant's uniform course of conduct.

12       14.     Plaintiffs are members of the Class.

13       15.     There are numerous and substantial questions of law and fact common to all of

14   the members of the Class that control this litigation and predominate over any questions affecting

15   only individual members of the Class. The common issues include, but are not limited to, the

16   following:

17            (a)     Was the Defendant's dog and cat food materially defective, and unfit for

18   use as dog or cat food?

19            (b)     Whether Defendant breached any contract, implied contract or warranties

20   related to the sale of the dog and cat food?

21            (c)     Did the Defendant's dog and cat food cause Plaintiffs' and other Class

22   members' pets to become ill?

23            (d)     Were Plaintiffs and other Class members damaged, and, if so, what is the

24   proper measure thereof?

25            (e)     The appropriate form of injunctive, declaratory and other relief.

26

CLASS ACTION COMPLAINT - 3
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

16.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for the Defendant – for example, one court might decide that the Defendant is obligated under the law to pay damages to Class members, and another might decide that the Defendant is not so obligated. Individual actions may, as a practical matter, be dispositive of the interests of the Class.

17.     Plaintiffs will fairly and adequately protect the interests of the Class in that they have no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendant has committed against them.

19.     Without a class action, the Class will continue to suffer damage, Defendant's violations of the law or laws will continue without remedy, and Defendant will continue to enjoy the fruits and proceeds of its unlawful misconduct.

20.     This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision.

21.     Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members.

22.     This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

CLASS ACTION COMPLAINT  - 4
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

1    23.    In the absence of a class action, Defendant would be unjustly enriched because it

2    would be able to retain the benefits and fruits of its wrongful conduct.

3    24.    The Claims in this case are also properly certifiable under applicable law.

### V.    STATEMENT OF FACTS

5    25.    Plaintiffs Suzanne E. Johnson and Craig R. Klemann are owners of a male cat

6    named Ollie.

7    26.    Ms. Johnson and Mr. Klemann purchased Special Kitty wet cat food from Wal-

8    Mart and Pet Pride wet cat food from Fred Meyer for Ollie to consume.

9    27.    Ollie ate the Special Kitty and Pet Pride brand wet-style cat food for several years

10   before becoming ill.

11   28.    Ollie became extremely ill after consuming Defendant's cat food and now suffers

12   from kidney problems.

13   29.    In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog

14   food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become

15   ill.  One common symptom in the sick animals was kidney failure.

16   30.    The Special Kitty wet cat food from Wal-Mart and the Pet Pride wet cat food

17   from Fred Meyer that Ollie consumed for several years before becoming ill are brands that Menu

18   Foods recalled.

19   31.    As a result of Defendant's acts and omissions Plaintiffs and other Class members

20   have suffered economic damage.

### VI.    BREACH OF CONTRACT

22   32.    Plaintiffs reallege all prior allegations as though fully stated herein.

23   33.    Plaintiffs and Class members purchased pet food produced by the Defendant

24   based on the understanding that the food was safe for their pets to consume.

25

26

CLASS ACTION COMPLAINT - 5
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161455 V1

34.   The pet food produced by the Defendant was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

35.   As a result of the breach Plaintiffs and Class members suffered damages that may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

### VII.   UNJUST ENRICHMENT

36.   Plaintiffs reallege all prior allegations as though fully stated herein.

37.   Defendant was and continues to be unjustly enriched at the expense of Plaintiffs and other Class members.

38.   Defendant should be required to disgorge this unjust enrichment.

### VIII.   UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES

39.   Plaintiffs reallege all prior allegations as though fully stated herein.

40.   Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

41.   Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

42.   As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and other Class members suffered injuries in an amount to be proven at trial.

### IX.   BREACH OF WARRANTIES

43.   Plaintiffs reallege all prior allegations as though fully stated herein.

44.   Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

45.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

46.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

47.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

48.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representative and their counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

Other appropriate injunctive relief;

The costs of bringing this suit, including reasonable attorneys' fees; and

Such other relief as this Court may deem just, equitable and proper.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1    DATED this 27th day of March, 2007.

2                                    HAGENS BERMAN SOBOL SHAPIRO LLP

3

4                                    By: _____
                                         Steve W. Berman, WSBA #12536
5                                    1301 Fifth Avenue, Suite 2900
                                     Seattle, Washington 98101
6                                    Telephone: (206) 623-7292
                                     E-mail: steve@hbsslaw.com
7
                                     Philip H. Gordon
8                                    Bruce S. Bistline
                                     Gordon Law Offices
9                                    623 West Hays St.
                                     Boise, ID 83702
10                                   Telephone: (208) 345-7100
                                     Facsimile: (206) 623-0594
11                                   E-mail: pgordon@gordonlawoffices.com

12
                                     *Attorneys for Plaintiffs*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 8
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161455 V1

_____ FILED                    _____ ENTERED
_____ LODGED                   _____ RECEIVED

★    MAR 2 7 2007    ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| AUDREY KORNELIUS and BARBARA SMITH, individually and on behalf of all others similarly situated, | No. C 07-0454 MJP |
| | |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| MENU FOODS, a foreign corporation, | |
| Defendant. | |

Plaintiffs Audrey Kornelius and Barbara Smith ("Plaintiffs"), by and through their undersigned attorneys, bring this civil action for damages on behalf of themselves and all others similarly situated against the above-named Defendant and complain and allege as follows:

## I.    NATURE OF ACTION

1.    Plaintiffs bring this action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any dog or cat food that was produced by defendant Menu Foods and/or has had a dog or cat become ill or die as a result of eating the food.

2.    The Defendant is a producer of, *inter alia*, dog and cat food. Menu Foods produces dog and cat food sold under familiar brand names such as Iams, Eukanuba and Science



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 14th Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1  Diet. Menu Foods distributes its dog and cat food throughout the United States to retailers such

2  as Wal-Mart, Kroger and Safeway.

3      3.      Dog and cat food that the Defendant produced caused an unknown number of

4  dogs and cats to become ill, and many of them to die.

5      4.      To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat

6  food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and

7  gravy wet" style.

8      5.      As a result of the Defendant's actions, Plaintiffs and other Class members have

9  suffered economic damage.

10                          **II.      PARTIES**

11      6.      Plaintiff Audrey Kornelius has at all material times been a resident of Ferndale,

12  Washington. Ms. Kornelius has a pet that became sick after eating Defendant's pet food.

13      7.      Plaintiff Barbara Smith has at all material times been a resident of Bremerton,

14  Washington. Ms. Smith has a pet that became sick after eating Defendant's pet food.

15      8.      Defendant Menu Foods is, upon information and belief, a corporation organized

16  under the laws of Canada that transacts business in Washington State.

17                  **III.      JURISDICTION AND VENUE**

18      9.      Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because the

19  Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds

20  $75,000.00. This Court has supplemental jurisdiction over the state-law claims under 28 U.S.C.

21  § 1367.

22      10.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because the

23  Defendant systematically and continuously sold its product within this district and Defendant

24  transacts business within this district.

25

26

CLASS ACTION COMPLAINT - 2
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

## IV.    CLASS ACTION ALLEGATION

11.    Plaintiffs bring this suit as a class action under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food that was produced by the Defendant and/or has had a dog or cat become ill or die as a result of eating the food.  Plaintiffs reserve the right to modify this class definition before moving for class certification.

12.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class.

13.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.  The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods that may be causing harm to pets.

14.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendant's uniform course of conduct.

15.    Plaintiffs are members of the Class.

16.    There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and predominate over any questions affecting only individual members of the Class.  The common issues include, but are not limited to, the following:

(a)    Was the Defendant's dog and cat food materially defective, and unfit for use as dog or cat food?

(b)    Whether Defendant breached any contract, implied contract or warranties related to the sale of the dog and cat food?

(c)    Did the Defendant's dog and cat food cause Plaintiffs' and other Class members' pets to become ill?

CLASS ACTION COMPLAINT  - 3
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11  161466 V1

1          (d)     Were Plaintiffs and other Class members damaged, and, if so, what is the

2    proper measure thereof?

3          (e)     The appropriate form of injunctive, declaratory and other relief.

4    17.    The prosecution of separate actions by members of the Class would create a risk

5    of establishing incompatible standards of conduct for the Defendant – for example, one court

6    might decide that the Defendant is obligated under the law to pay damages to Class members,

7    and another might decide that the Defendant is not so obligated. Individual actions may, as a

8    practical matter, be dispositive of the interests of the Class.

9    18.    Plaintiffs will fairly and adequately protect the interests of the Class in that they

10   have no interests that are antagonistic to other members of the Class and have retained counsel

11   competent in the prosecution of class actions to represent themselves and the Class.

12   19.    A class action is superior to other available methods for the fair and efficient

13   adjudication of this controversy. Given (i) the substantive complexity of this litigation; (ii) the

14   size of individual Class members' claims; and (iii) the limited resources of the Class members,

15   few, if any, Class members could afford to seek legal redress individually for the wrongs

16   Defendant has committed against them.

17   20.    Without a class action, the Class will continue to suffer damage, Defendant's

18   violations of the law or laws will continue without remedy, and Defendant will continue to enjoy

19   the fruits and proceeds of its unlawful misconduct.

20   21.    This action will foster an orderly and expeditious administration of Class claims,

21   economics of time, effort and expense, and uniformity of decision.

22   22.    Inferences and presumptions of materiality and reliance are available to obtain

23   class-wide determinations of those elements within the Class claims, as are accepted

24   methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's

25   common liability, the Court can efficiently determine the claims of the individual Class

26   members.

CLASS ACTION COMPLAINT - 4
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 FIFTH AVENUE, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623 0594

001958-11 161466 V1

23.     This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendant.

24.     In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

25.     The Claims in this case are also properly certifiable under applicable law.

## V.     STATEMENT OF FACTS

26.     Plaintiff Audrey Kornelius is the owner of a puppy named Shiwa.

27.     Ms. Kornelius purchased Nutro Natural Choice Puppy for Shiwa to consume.

28.     Shewa became extremely ill after consuming Defendant's dog food.

29.     Plaintiff Barbara Smith is the owner of a cat named Neko.

30.     Ms. Smith purchased Priority U.S. brand cat food from Safeway for Neko to consume.

31.     Neko became extremely ill after consuming Defendant's cat food. Ms. Smith's veterinarian has informed her that Neko will need monitoring for life.

32.     In March 2007, Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food that had caused dogs and pets to become ill. One common symptom in the sick animals was kidney failure.

33.     The Nutro Natural Choice Puppy food that Shiwa consumed is one of the brands that Menu Foods recalled.

34.     The Priority U.S. brand cat food from Safeway that Neko consumed is also one of the brands that Menu Foods recalled.

35.     As a result of Defendant's acts and omissions Plaintiffs and other Class members have suffered economic damage.

## VI.     BREACH OF CONTRACT

36.     Plaintiffs reallege all prior allegations as though fully stated herein.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1      37.    Plaintiffs and Class members purchased pet food produced by the Defendant

2   based on the understanding that the food was safe for their pets to consume.

3      38.    The pet food produced by the Defendant was not safe for pets to consume and

4   caused dogs and cats to become ill.  The unsafe nature of the pet food constituted a breach of

5   contract.

6      39.    As a result of the breach Plaintiffs and Class members suffered damages that may

7   fairly and reasonably be considered as arising naturally from the breach or may reasonably be

8   supposed to have been in the contemplation of the parties, at the time they made the contract, as

9   the probable result of the breach of it.

10                        **VII.    UNJUST ENRICHMENT**

11     40.    Plaintiffs reallege all prior allegations as though fully stated herein.

12     41.    Defendant was and continues to be unjustly enriched at the expense of Plaintiffs

13   and other Class members.

14     42.    Defendant should be required to disgorge this unjust enrichment.

15   **VIII.   UNLAWFUL, DECEPTIVE AND UNFAIR BUSINESS PRACTICES**

16     43.    Plaintiffs reallege all prior allegations as though fully stated herein.

17     44.    Defendant's sale of tainted pet food constitutes an unlawful, deceptive and unfair

18   business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et*

19   *seq.*, and similar statutory enactments of other states (including consumer protection and

20   consumer sales practice acts).

21     45.    Defendant's sale of hazardous pet food has the capacity to deceive a substantial

22   portion of the public and to affect the public interest.

23     46.    As a result of Defendant's unfair or deceptive acts or practices, Plaintiffs and

24   other Class members suffered injuries in an amount to be proven at trial.

25                        **IX.    BREACH OF WARRANTIES**

26     47.    Plaintiffs reallege all prior allegations as though fully stated herein.

CLASS ACTION COMPLAINT - 6
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

48.    Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

49.    Defendant's conduct as described herein constitutes breach of an implied or express warranty of affirmation.

50.    Defendant's conduct as described herein constitutes breach of an implied warranty of merchantability.

51.    Defendant's conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

52.    As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other Class members have suffered damages in an amount to be proven at trial. Defendant had actual or constructive notice of such damages.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class members request that the Court enter an order of judgment against Defendant including the following:

Certification of the action as a class action under Rule 23(b)(1) - (3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representative and their counsel of record as Class Counsel;

Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with Defendant and its acts or omissions) and such other relief as provided by the statutes cited herein;

Prejudgment and post-judgment interest on such monetary relief;

Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

Other appropriate injunctive relief;

CLASS ACTION COMPLAINT - 7
Case No.



HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900 • Seattle, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

001958-11 161466 V1

1   The costs of bringing this suit, including reasonable attorneys' fees; and

2   Such other relief as this Court may deem just, equitable and proper.

3   DATED this 27th day of March, 2007.

4                               HAGENS BERMAN SOBOL SHAPIRO LLP

5

6                               By: /s/ Steve W. Berman 
7                               Steve W. Berman, WSBA #12536
                                1301 Fifth Avenue, Suite 2900
8                               Seattle, Washington 98101
                                Telephone: (206) 623-7292
                                Facsimile: (206) 623-0594
9                               E-mail: steve@hbsslaw.com

10

11                              MYERS & COMPANY, P.L.L.C.
                                Michael David Myers
12                              WSBA No. 22486
                                Myers & Company, P.L.L.C.
13                              1809 Seventh Avenue, Suite 700
                                Seattle, Washington 98101
14                              Telephone: (206) 398-1188
                                Facsimile: (206) 400-1112
15                              E-mail: mmyers@myers-company.com

16                              *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 8
Case No.

HAGENS BERMAN
SOBOL SHAPIRO LLP
1301 Fifth Avenue, SUITE 2900 • SEATTLE, WA 98101
TELEPHONE (206) 623-7292 • FACSIMILE (206) 623-0594

1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  MICHELE SUGGETT and DON JAMES, | Case No.:
individually and on behalf of all similarly

11  situated;

                                                  **CLASS ACTION COMPLAINT**
12          Plaintiffs,

13      vs.

14  MENU FOODS, a foreign corporation; THE
IAMS COMPANY, a foreign corporation;

15  EUKANUBA, a foreign corporation; DOG
FOOD PRODUCERS NUMBERS 1-100 and

16  CAT FOOD PRODUCERS 1-100; and DOES
1-100;

17          Defendants.

18

19                    I.  **NATURE OF ACTION**

20      1.  Plaintiffs bring this action as a Class Action pursuant to FRCP 23 on behalf of all
persons who purchased any dog or cat food produced by any of the above-named

21      defendants and/or had a dog or cat become ill or die as a result of eating same.

22      2.  The defendants are producers and distributors of, inter alia, dog and cat food.  Menu
Foods produces dog and cat food under familiar brand names such as Iams, Eukanuba

23      and Science Diet. Menu Foods distributes its dog and cat food throughout the United

24  CLASS ACTION COMPLAINT - 1

25

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

States to retailers such as Wal-Mart, Kroger and Safeway.

3. Dog and cat food which the defendants produced has caused an unknown number of dogs and cats to become ill and die.

4. To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food which are causing dogs and cats to become ill. All recalled food to date is of the "cuts and gravy wet" style.

5. As a result of the Defendants' actions, Plaintiffs and other Class members have suffered noneconomic and economic damage.

## II. JURISDICTION, PARTIES, AND VENUE

6. This court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based on diversity and an amount of controversy in excess of $75,000. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because the Defendants systematically and continuously sold their product within this district, and Defendants transact business within this district.

8. Eleven-year-old, female canine named Shasta ("Shasta") was regarded by Plaintiffs as their ward, sentient personalty, and member of their family.

9. Plaintiffs MICHELE SUGGETT and DON JAMES ("Plaintiffs") are, and at all times herein were, residents of this judicial district and the owners/guardians of Shasta.

10. Defendant Menu Foods is, upon information and belief, a corporation organized under the laws of Canada that transacts business in Washington State and Oregon State.

11. Defendant The Iams Company, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

12. Defendant Eukanuba, is upon information and belief, a foreign corporation that transacts business in Washington State and Oregon State.

13. There are numerous other persons or entities, DOG FOOD PRODUCERS, CAT FOOD PRODUCERS, AND DOES 1-100, identities presently unknown to Plaintiffs who are, and were at all times mentioned herein, acting in concert or are jointly and severally liable with the above named Defendants. Each of the DOE Defendants sued herein under a fictitious name is responsible in some manner for the events and occurrences referred to herein. When the true names, capacities and involvement of said Defendants are ascertained, Plaintiffs will seek leave to amend the complaint accordingly.

CLASS ACTION COMPLAINT - 2

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

### III. CLASS ACTION ALLEGATION

14. Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a Plaintiff Class (the "Class") composed of all persons who purchased any dog or cat food which was produced by the defendants and/or has had a dog or cat become ill or die as a result of eating the food. Plaintiffs reserve the right to modify this class definition prior to moving for class certification.

15. This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

    a.    The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

    b.    Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu Foods has identified 50 dog foods and 40 cat foods which may be causing harm to companion animals.

    c.    Plaintiffs' claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

    d.    Plaintiffs are members of the Class.

    e.    There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

        i.    Did the defendants make representations regarding the safety of the dog and cat food they produced and sold?

        ii.    Were the defendants' representations regarding the safety of the dog and cat food false?

        iii.    Did the defendants' dog and cat food cause or allow Plaintiffs and other Class members' companion animals to become ill or die?

        iv.    Did the defendants produce a hazardous product for nonhuman animal consumption? If so, did this occur as a result of negligent, grossly negligent, reckless, or intentional conduct?

CLASS ACTION COMPLAINT - 3

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

v.    Were Plaintiffs and other Class members damaged?

f.    These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class;

g.    Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs have no interests that are antagonistic to other members of the Class and has retained counsel competent in the prosecution of class actions to represent themselves and the Class;

h.    Without a class action, the Class will continue to suffer damage, Defendants' violations of the law or laws will continue without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful misconduct;

i.    Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendants have committed against them;

j.    This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense, and uniformity of decision;

k.    Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants' common liability, the Court can efficiently determine the claims of the individual Class members;

l.    This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

m.    In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of their wrongful conduct.

16. The Claims in this case are also properly certifiable under applicable law.

## IV. GENERAL ALLEGATIONS

17. Plaintiffs were the owners and guardians of Shasta, a female Pomeranian.

18. Plaintiffs purchased contaminated Eukanuba Adult Bites in Gravy (lamb & rice, beef & gravy, savory chicken) ("contaminated food") on or about February 16, 2007 from Petsmart.

CLASS ACTION COMPLAINT - 4

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

19. Plaintiffs started feeding the contaminated food to Shasta on or about March 15, 2007.

20. After eating the contaminated food, Shasta became extremely ill, causing the Plaintiffs to take her to a veterinarian on or about March 19, 2007. The veterinarian informed them that Shasta suffered devastatingly acute renal failure. On or about March 20, 2007, Shasta arrested and died.

21. Plaintiffs witnessed Shasta's deceased body shortly after she died and before a substantial change in her condition and location.

22. In March 2007 Menu Foods recalled 50 brands of cuts and gravy wet-style dog food and 40 brands of cuts and gravy wet-style cat food which had caused dogs and cats to become ill. One common symptom in the sick animals was kidney failure, also known as acute renal failure.

23. The contaminated food that Shasta consumed is one of the brands that Menu Foods recalled.

24. The Plaintiffs lost Shasta's intrinsic value, as based on her unique qualities, characteristics, training, and bond, as well as the loss of her utility, companionship, love, affection, and solace. At the time of her death, Shasta had no fair market value and could not be replaced or reproduced. Rather, she had an intrinsic value.

25. The Plaintiffs owned and formed a relationship with Shasta for 11 years. She was a close family companion throughout that period and had special value, aiding Plaintiffs in their enjoyment of life, well-being, growth, development, and daily activities.

26. As a result of Defendants' actions causing Shasta's death, the Plaintiffs have suffered loss of enjoyment of life, interference with use and quiet enjoyment of their realty and personalty, and general damages pertaining to loss of use.

27. As a result of Defendants' acts and omissions the Plaintiffs and other Class members have suffered emotional and economic damage, including but not limited to mental anguish, loss or reduction of enjoyment of life, interference with use and quiet enjoyment of realty and/or personalty, wage loss, current and future veterinary and health-related bills, depreciation in or extinguishment of intrinsic, special, unique, or peculiar value, loss of use and/or companionship, actual, incidental, and consequential damages.

## FIRST CLAIM FOR RELIEF – UNJUST ENRICHMENT

28. Defendants were and continue to be unjustly enriched at the expense of the Plaintiffs and other Class members.

CLASS ACTION COMPLAINT - 5

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

29. Defendants should be required to disgorge this unjust enrichment.

## SECOND CLAIM FOR RELIEF – UNLAWFUL, DECEPTIVE, UNFAIR BUSINESS PRACTICES

30. Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and similar statutory enactments of other states (including consumer protection and consumer sales practice acts).

31. Defendants' sale of hazardous dog and cat food has the capacity to deceive a substantial portion of the public and to affect the public interest.

32. As a result of Defendants' unfair or deceptive acts or practices, Plaintiffs and other class members suffered injuries in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF – BREACH OF WARRANTY

33. Cat food and dog food produced by Menu Foods are "goods" within the meaning of Uniform Commercial Code Article 2.

34. Defendants' conduct as described herein constitutes breach of an implied or express warranty of affirmation.

35. Defendants' conduct as described herein constitutes breach of an implied warranty of merchantability.

36. Defendants' conduct as described herein constitutes breach of an implied warranty of fitness for a particular purpose.

37. As a proximate result of the aforementioned wrongful conduct and breach, Plaintiffs and other class members have suffered damages in an amount to be proven at trial. Defendants had actual or constructive notice of such damages.

## FOURTH CLAIM FOR RELIEF – DECLARATORY RELIEF

38. This court has the authority to render a declaratory judgment pertaining to Plaintiffs and Class Members' rights, status and other legal relations.

39. Plaintiffs and Class Members are entitled to a declaratory judgment that, as a matter of law, their companion animals had no fair market value, no replacement value, but, rather, an intrinsic, peculiar, unique, or special value premised on their non-fungible and irreplaceable nature.

## FIFTH CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATION

CLASS ACTION COMPLAINT - 6

ANIMAL LAW OFFICES OF
**ADAM P. KARP, ESQ.**
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738 7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

40. Defendants owed Plaintiffs and class members a duty to exercise reasonable care in representing the safety of its dog and cat foods.

41. Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

42. In reality, defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

43. Plaintiffs and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

44. As a proximate cause of Defendants' false representations, Plaintiffs and other Class members suffered damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. IN THE ALTERNATIVE that Defendants' acts are not deemed intentional or reckless, Defendants' conduct was negligent insofar as they failed to take reasonable care to avoid causing Plaintiff and Class Members emotional distress in relation to the failure to warn and failure to produce safe food for nonhuman animal consumption. These actions or inactions caused Plaintiff and Class Members emotional distress. Said emotional distress was manifested by objective symptomology by some of the Class Members.

## SEVENTH CLAIM FOR RELIEF - NUISANCE

46. Defendants' behavior described above constitutes a private nuisance and public nuisance.

47. Under Washington law, specifically RCW 7.48.010 and 7.48.150 (private nuisance) and RCW 7.48.130 and RCW 7.48.210 (public nuisance), and similar anti-nuisance laws (at common law and by statute), Defendants are liable to plaintiffs for general damages sustained by virtue of their omission to perform a duty, which act, namely, allowing contaminated and poisoned food products to enter Plaintiff and Class Members' households under false pretenses of safety, resulting in pain, suffering, illness, and death to Class Members' companion animals, annoyed, injured, and endangered the comfort, repose, and safety of Plaintiffs and Class Members, essentially interfering in the comfortable enjoyment of their real and personal property and their lives.

## EIGHTH CLAIM FOR RELIEF - BREACH OF CONTRACT

48. Plaintiffs and Class members purchased dog and cat food produced by the defendants

CLASS ACTION COMPLAINT - 7

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

based on the understanding that the food was safe for their companion animals to consume.

49. The dog and cat food produced by the defendants was not safe for companion animals to consume and caused dogs and cats to become ill or die. The unsafe nature of the pet food constituted a breach of contract.

50. As a result of the breach, Plaintiffs and Class members suffered damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

51. To the extent defendants' breach was reckless, wanton, or intentional and defendants knew or had reason to know that, when the contract was made, breach would cause mental suffering for reasons other than pecuniary loss, defendants inflicted upon Plaintiffs and Class members emotional distress.

## NINTH CLAIM FOR RELIEF – GROSS NEGLIGENCE

52. In the event Defendants are not found to have acted recklessly, Plaintiffs and Class Members plead IN THE ALTERNATIVE that Defendants knew and/or should have known that there was a strong possibility that harm would be inflicted on Plaintiffs and Class Members as a result of their disregard in ensuring that safe foodstuffs entered the commercial dog and cat food supply, recalling the tainted product before the illness and death toll rose further, and/or not warning consumers of the tainted product.

53. Defendants acted indifferently to the high degree of manifest danger and erroneous destruction of sentient property, to wit, Class Members' companion animals, to which Plaintiffs and Class Members would be and was exposed by such conduct.

54. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent conduct of Defendants in the above regard.

## TENTH CLAIM FOR RELIEF – PRODUCTS LIABILITY

55. Defendants are strictly liable under RCW 7.72.030 (and analogous products liability statutes around the nation) for proximately causing harm to Plaintiffs by manufacturing a product that was not reasonable safe in construction.

56. The proximate cause of Plaintiffs and Class Members' injuries was the grossly negligent conduct of Defendants in the above regard.

CLASS ACTION COMPLAINT - 8

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

57. Defendants may also be liable for design defects in the production of the contaminated food, as well as failing to warn of the design and/or manufacturing defects, making them liable under RCW 7.72.030 (and analogous products liability statutes around the nation).

## RESERVATION OF RIGHTS

58. Plaintiffs and Class Members reserve the right to amend the complaint to include additional causes of action and allegations as they are discovered in the course of litigation.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Certification of the action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

2. Actual damages (including all general, special, incidental, and consequential damages), statutory damages (including treble damages), punitive damages (as allowed by the law(s) of the states having a legally sufficient connection with defendants and their acts or omissions) and such other relief as provided by the statutes cited herein;

3. For economic damages, representing the intrinsic, special, peculiar, or unique value of the Plaintiffs and Class Members' injured and/or killed companion animals, subject to proof and modification at trial;

4. For special and general damages relating to loss of the Plaintiffs' and Class Members' companion animals' utility (e.g., companionship) from date of loss to date judgment is entered;

5. For noneconomic damages, including emotional distress, interference with the Plaintiffs and Class Members' lives, and the use and quiet enjoyment of their realty and personalty, loss and/or reduction of enjoyment of life, subject to proof and modification at trial;

6. For incidental and consequential damages arising from breach of contract;

7. For burial, afterdeath, and death investigation expenses;

8. For wage loss and other aftercare expenses incurred during the companion animals'

CLASS ACTION COMPLAINT - 9

ANIMAL LAW OFFICES OF
ADAM P. KARP, ESQ.
114 W. Magnolia St., Ste. 425 • Bellingham, WA 98225
(360) 738-7273 • Facsimile: (360) 392-3936
adam@animal-lawyer.com

convalescence;

9. Prejudgment and post-judgment interest on such monetary relief;

10. Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

11. Other appropriate injunctive relief;

12. The costs of bringing this suit, including reasonable attorneys' fees; AND

13. Such other relief as this Court may deem just, equitable and proper.

14. **NOTICE: Plaintiffs intend to seek damages in excess of $10,000. Accordingly, this case is not subject to RCW 4.84.250-.280.**

Dated this March 27, 2007.

ANIMAL LAW OFFICES

/s/ Adam P. Karp

Adam P. Karp, WSBA No. 28622
Attorney for Plaintiffs and Class Members
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
(888) 430-0001
Fax: (866) 652-3832
adam@animal-lawyer.com

CLASS ACTION COMPLAINT - 10