HONORABLE JOHN C. COUGHENOUR
Hearing Date: May 4, 2007
Without Oral Argument

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SUZANNE F. JOHNSON and CRAIG R. KLEMANN, individually and on behalf of all others similarly situated, | No.  CV 07-0455 JCC |
| Plaintiffs, | DEFENDANT MENU FOODS' MOTION TO STAY ALL PROCEEDINGS |
| v. | NOTE ON MOTION CALENDAR MAY 4, 2007 |
| MENU FOODS, a foreign corporation, | |
| Defendant. | Without Oral Argument |

Defendant MENU FOODS moves this Court to stay all proceedings in this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to U.S.C. §1407 and pending a determination of class certification by the transferor court pursuant to Federal Rules of Civil Procedure 23(d)(1).  In support thereof, Defendant sets forth the following:

## I. INTRODUCTION

Currently, there are at least fifty-seven (57) actions that seek relief for individuals who purchased allegedly contaminated pet food from Defendant.  Federal courts have original jurisdiction over these state and common law based actions pursuant to the Class Action

DEFENDANT MENU FOODS' MOTION TO
STAY ALL PROCEEDINGS – CV 07-0455 JCC - 1

GARDNER BOND TRABOLSI PLLC
ATTORNEYS
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

Dockets.Justia.com

1   Fairness Act of 2005.   28 U.S.C. §1332(d).   Specifically, the pending cases allege that

2   Defendant sold contaminated pet food to the general public and individuals whose pets

3   consumed this pet food sustained injuries and/or death.   The pending cases seek to certify a

4   class of United States' residents who purchased allegedly contaminated pet food and seek to

5   compensate them for all damages incurred as a result of Defendant's conduct.   None of the

6   pending cases are advanced and no discovery has been conducted.   The actions are currently

7   pending in the Western District of Washington, Eastern District of Tennessee, Northern

8   District of Illinois, Western District of Wisconsin, Western District of Arkansas, District of

9   New Jersey, Northern District of Florida, Southern District of Florida, District of Connecticut,

10  Central District of California, District of Rhode Island, District of Maine, Northern District of

11  California, District of Nevada, District of Idaho and Northern District of Ohio.

12  **A.     Pending MDL Motions**

13          On March 30, 2007, three (3) separate motions for transfer and coordination or

14  consolidation pursuant to 28 U.S.C. §1407 were filed by three (3) different plaintiffs.

15  Plaintiff Shirley Sexton filed the first MDL motion, seeking to transfer her case and numerous

16  other cases involving alleged injuries and/or death arising out of the purchase and/or

17  consumption of pet food manufactured by Defendant to the Central District of California.   *See*

18  Plaintiff Sexton's MDL Motion attached hereto as Exhibit "A."   Plaintiff Christina Troiano

19  filed the second MDL motion, seeking transfer to the Southern District of Florida.   *See*

20  Plaintiff Troiano's MDL Motion attached hereto as Exhibit "B."   Lastly, Plaintiffs Tom

21  Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrance Mitchelle,

22  Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michelle Suggett

23  and Don James, filed their MDL motion to transfer the cases to the Western District of

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1 | Washington. *See* Plaintiff Whaley's MDL Motion attached hereto as Exhibit "C." On April

2 | 5, 2007, a fourth motion for transfer and coordination or consolidation was filed by Plaintiffs

3 | Jayme Pittsonberger, David Carter and Jim Bullock, for transfer to the United States District

4 | Court for the District of New Jersey. *See* Plaintiffs' MDL Motion attached hereto as Exhibit

5 | "F." Defendant will be filing its MDL response on or before April 19, 2007, and is in

6 | agreement that MDL consolidation is appropriate. On April 12, 2007, the Judicial Panel on

7 | Multidistrict Litigation ("JPML") issued a Notice of Hearing Session for May 31, 2007 to

8 | consider the MDL motions ("Collectively known as MDL 1850 - *In re Pet Food Products*

9 | *Liability Litigation*). *See* April 12, 2007 Notice of Hearing Session attached hereto as Exhibit

10 | "D."

11 | **B.      Instant Case**

12 | On March 27, 2007, Plaintiffs filed a products liability action in the Western District

13 | of Washington, alleging that Plaintiffs' pets sustained injuries and/or death as a result of the

14 | purchase and/or consumption of pet food manufactured by Defendant. *See* Plaintiffs'

15 | Complaint attached hereto as Exhibit "E." Defendant now respectfully requests this Court to

16 | stay all proceedings pending a transfer decision by the JPML and a determination of class

17 | certification by the transferor court.

18 | **II. SUMMARY OF ARGUMENT**

19 | A stay of all proceedings in this action pending a transfer decision by the JPML and a

20 | determination of class certification by the transferor court is necessary to promote judicial

21 | economy and avoid undue prejudice to the parties. Due to the pending MDL motions and

22 | pending motions for class certification, a stay of proceedings in this case is necessary and

23 | appropriate to further the interests of judicial economy. This Court should not unnecessarily

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 3

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

use its resources and time to supervise pre-trial proceedings and make rulings in a case, which may shortly be transferred to another district court and/or judge for further pre-trial proceedings. Additionally, since all the actions are in the beginning stages of litigation and the Judicial Panel will be hearing the MDL motions on May 31, 2007, no prejudice or inconvenience will result from entry of a stay. *See* Exhibit "D." On the other hand, absent a stay, Defendant will be substantially prejudiced if it is required to duplicate efforts and expend significant resources defending multiple cases in jurisdictions around the country. For the reasons herein stated, Defendant respectfully moves this Court for an order staying all proceedings in this case pending a transfer decision by the JPML and a determination of class certification by the transferee court.

### III. ARGUMENT

Numerous courts have stayed proceedings pending determinations by the MDL Panel of the appropriateness of coordination under Section 1407. *See, e.g., Gonzalez, v. American Home Products, Corp.,* 223 F.Supp.2d 803 (S.D.Tex. 2002); *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.,* 2002 WL 31114069 (N.D. Tex. Sept.23, 2002); *Moore v. Wyeth-Ayerst Laboratories,* 236 F.Supp.2d 509, 511 (D. Md. 2002); *Kohl v. American Home Prods. Corp.,* 78 F. Supp. 2d 885 (W.D. Ark. 1999); *Republic of Venezuela v. Philip Morris Companies, Inc., et. al.,* 1999 WL 33911677 (S.D. Fla. 1999); *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358 (C.D. Cal. 1997); *American Seafood, Inc. v. Magnolia Processing,* 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin Corp.,* 1991 WL 13725 (D. N.J. Feb. 1, 1991); *Rosenfeld v. Hartford Fire Ins. Co.,* 1988 WL 49065 (S.D. N.Y. May 12, 1988); *Portnoy v. Zenith Laboratories,* 1987 WL 10236 (D.D.C. Apr. 21, 1987). It is "incidental to the power inherent in every court to control the disposition of the cases on its

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 4

GARDNER BOND TRABOLSI PLLC
ATTORNEYS
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1  docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v.*

2  *North American Co.*, 299 U.S. 248, 254 (1936).  Guided by the "policies of justice and

3  efficiency," this Court should exercise its discretion to stay all further proceedings in this

4  action pending the MDL Panel's action. *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL

5  83788, *1 (E.D. La. Feb. 24, 1995).

6       When considering a motion to stay, the Court typically considers three factors: (1)

7  potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if

8  the action is not stayed; and (3) the judicial resources that would be saved by avoiding

9  duplicative litigation if the cases are in fact consolidated. *Rivers,* 980 F.Supp. at 1360.  In the

10  case *sub judice*, each enumerated factor favors a stay.  Thus, this Court should stay all

11  proceedings pending a transfer decision by the Judicial Panel and a determination of class

12  certification by the transferor court.

13  **A.    Judicial Economy Mandates a Stay Pending a Transfer Decision by the Judicial
        Panel and Determination of Class Certification**

14       Considerations of judicial economy weigh heavily in favor of a stay.  First, the express

15  language of 28 U.S.C. §1407 provides that civil actions may be transferred for coordinated or

16  consolidated pretrial proceedings to "promote the just and efficient conduct of such actions."

17  28 U.S.C. §1407.  Second, it is well settled that in the class action context that when similar

18  actions are proceeding in different courts, courts may stay proceedings pending the outcome

19  of the other case.  Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3D §1792*

20  (2005); *Knearem v. Bayer Corp*, 2002 WL 1173551, 1 (D. Kan. 2002) (granted motion to stay

21  to purported class action which was one of more than two hundred pending federal cases,

22  nearly half of which were purported class actions).  Here, a stay of proceedings pending a

23

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 5

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1    transfer decision by the MDL and class certification is necessary and appropriate to achieve

2    the judicial economies that underlie §1407 and class actions.

3            Defendant reasonably anticipates that the Judicial Panel will grant an MDL for the

4    following reasons. First, courts have consistently held that the Judicial Panel will transfer

5    cases to eliminate the possibility of inconsistent class determinations. *In re CertainTeed*

6    *Corp. Roofing Shingle Prods Liab. Lit.*, 2007 WL 549356; *In re Guidant Corp. Implantable*

7    *Defibrillators Prods. Liab. Lit.*, 398 F. Supp. 2d 1371 (Jud. Pan. Mult. Lit. 2005); *In re Ford*

8    *Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit.* 398 F. Supp.. 2d 1365 (Jud.

9    Pan. Mult. Lit. 2005); *In re Roadway Exp. Inc. Employ. Pract. Lit.*, 384 F. Supp. 612 (Jud.

10   Pan. Mult. Lit. 1974). Absent a transfer of these cases to a single forum for coordinated and

11   consolidated pretrial proceedings, there is a substantial risk of inconsistent and/or conflicting

12   pretrial rulings on discovery and other key issues, such as class certification.  Second,

13   discovery with respect to the Defendant's conduct in each of the actions proposed for

14   consolidation will be substantially similar and will involve the same and/or similar documents

15   and witnesses.    Third, efficiency in the administration of justice will be served by

16   consolidation, because one judge rather than multiple judges can supervise all pretrial

17   proceedings and render rulings that are consistent.   Fourth, based on the nationwide

18   distribution of Defendant's pet food, many additional cases may be filed before the statute of

19   limitations expires.

20           Absent a stay, the Court will lose the potential efficiencies that would be gained by

21   having pretrial issues, particularly with respect to issues of class certification, decided by a

22   single court. In *Gonzalez v. American Home Products, Corp.*, consumers brought a product

23   liability action against manufacturers and distributors of phenylpropanolamine (PPA) to

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 6

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1   recover for physical injuries sustained as a result of exposure to PPA. *Gonzalez*, 223

2   F.Supp.2d at 804. In granting defendants' motion to stay pending a decision of the MDL

3   Panel, the Court held that "[j]udicial economy and consistency of result dictate that this key

4   issue be decided once, not countless times." *Gonzales*, 223 F.Supp.2d at 805.

5       Like *Gonzalez*, the interests of judicial economy and consistency warrant a stay here.

6   Without a stay, this Court will be required to expend its time and resources familiarizing itself

7   with the intricacies and complexities of this complicated products liability litigation that may

8   be transferred to another court. Alternatively, if the Judicial Panel assigns the case to this

9   Court, each ruling and action taken by this Court may affect other cases without giving the

10   attorney handling those cases an opportunity to provide input to the Court. Clearly, if these

11   cases are not stayed, many issues particularly with respect to class certification, will have to

12   be revisited by the Court assigned to the cases by the Judicial Panel. Thus, the continuation of

13   this case will result in duplicative and unnecessary efforts by this Court and the parties if this

14   action proceeds forward before the Judicial Panel has an opportunity to rule.

15       Additionally, if a stay is not granted and this case proceeds forward, the Court's

16   rulings potentially could be reconsidered after coordination. "The pretrial powers of the

17   transferee court include the powers to modify, expand, or vacate earlier discovery orders." *In*

18   *re Plumbing Fixture Cases*, 298 F. Supp. 484, 489 (J.P.M.L. 1968). In *Kohl v. American*

19   *Home Prods. Corp.*, a consumer brought a products liability action against manufacturers,

20   distributors and sellers of the pharmaceutical drugs, fenfluramine and phentermine, to recover

21   for injuries allegedly caused by the drugs. *Kohl*, 78 F. Supp. 2d at 887. In granting

22   defendants' motion to stay pending the transfer of the case to the MDL Panel, the Court held

23   that judicial economy would be best served if litigation was facilitated in the appropriate

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 7

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1    forum. *Kohl,* 78 F. Supp. 2d at 888. "If the MDL motion is granted, all of the Court's time,

2    energy and acquired knowledge regarding the action and its pretrial procedures will be

3    wasted." *U.S. Bank,* 2002 WL 31114069 at *2.

4        This Court, like the district court in *Kohl,* should not expend its limited resources

5    "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes]

6    by another judge." *Rivers,* 980 F. Supp. at 1360. Moreover, this Court should abstain from

7    scheduling additional status conferences and/or issuing additional discovery orders because

8    "any efforts on behalf of this Court concerning case management will most likely have to be

9    replicated by the judge that is assigned to handle the consolidated litigation." *Id.*

10   Furthermore, to avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in

11   this matter and other actions should proceed in an orderly, coordinated fashion, as directed by

12   the single court selected by the Judicial Panel. Accordingly, a stay in this case is appropriate

13   as it will further the just and efficient conduct of this litigation.

14   **B.**    **The Balance of Equities Weigh Heavily in Favor of a Stay as Plaintiffs Will Suffer No Prejudice, While Defendant Will Suffer Undue Hardship Absent a Stay**

15       In addition to the waste of judicial resources inherent in proceeding with this matter

16   prior to a ruling by the Judicial Panel, the balance of the parties' hardships strongly favors a

17   stay. In *Moore v. Wyeth-Ayerst Laboratories,* a patient who took a prescription diet drug

18   brought a products liability action against the drug manufacturer. *Moore,* 236 F.Supp.2d at

19   511. The court in that case held that the potential prejudice to the drug manufacturer

20   warranted a stay of proceedings pending the decision of Judicial Panel for transfer and

21   consolidation. *Id.* Specifically, the court held that "[c]entralization is...necessary in order to

22   eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings...and

23   conserve the resources of the parties, their counsel, and the judiciary." *Id.*

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 8

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1    Defendant in the present action would be substantially prejudiced by duplicative
2  discovery and motion practice if a stay is not put in place. *American Seafood*, 1992 WL
3  102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings
4  demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a
5  stay"). Without a stay, Defendant may continue to be served with discovery requests,
6  deposition notices and various motions resulting in duplicative and costly responses and
7  replies being prepared multiple times in different jurisdictions. This burden is a clear,
8  definable hardship weighing in favor of staying this action until the MDL Panel renders its
9  decision.

10    A stay will not, however, unduly prejudice the Plaintiff in this matter. In *Republic of*
11  *Venezuela v. Philip Morris Companies, Inc., et. al.,* The Republic of Venezuela sought
12  damages from the defendants due to, *inter alia,* costs allegedly incurred as a result of paying
13  for "medical care, facilities, and services" for Venezuelan residents injured as a result of the
14  use of tobacco. *Republic of Venezuela* 1999 WL 33911677, *1. The Court in granting
15  Defendant's motion to stay held that "upon consideration of what effect a brief stay may have
16  on [Plaintiff], the Court finds that Plaintiff will not be prejudiced by the granting of a stay
17  pending the JPML's decision." *Id.*

18    Here, there has been no discovery in the case at bar or any of the pending actions.
19  Since all the actions are in the beginning stages of litigation, no prejudice or inconvenience
20  will result from transfer, coordination and/or consolidation. Any slight delay that Plaintiffs
21  may experience in this case will be minimal and the prejudice to Defendant would far outstrip
22  any harm to Plaintiff. *See Arthur-Magna*, 1991 WL 13725 at *1 (noting that even if a
23  temporary stay can be characterized as a delay prejudicial to plaintiffs, there are

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 9

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1    considerations of judicial economy and hardship to defendants that are compelling enough to

2    warrant such a delay).  Indeed, if the Judicial Panel consolidates the cases into an MDL, all of

3    the parties - including the Plaintiff here - will benefit through increased efficiency and

4    coordinated pretrial case management.  Further, Defendant is not asking this Court to stay the

5    proceedings indefinitely.  The Judicial Panel will be hearing the MDL motions on May 31,

6    2007.  *See* Exhibit "D."  Defendant is only asking the Court to issue a stay while the transfer

7    decision by the Judicial Panel and determination of class certification is pending.  As such,

8    any potential delay is outweighed by the potential efficiencies available in a coordinated MDL

9    proceeding.  Therefore, the benefits of staying this proceeding far outweigh any minimal

10    inconvenience to the Plaintiff.  Thus, the granting of a stay is necessary and appropriate.

11                                    **IV. CONCLUSION**

12           For all of the foregoing reasons, it is appropriate for this Court to exercise its sound

13    discretion to stay these proceedings pending the decision of the Judicial Panel and a

14    determination of class certification by the transferor court.  A stay would further the interests

15    of judicial economy, and promote just and efficient conduct of this litigation, while denying a

16    stay would unnecessarily waste the efforts and resources of this Court and all parties.

17    Without the stay, Defendant will suffer undue hardship and inequity, and the purpose for

18    coordination and consolidation pursuant to 28 U.S.C. § 1407 will be undermined.

19           WHEREFORE, Defendant respectfully request this Honorable Court enter an Order

20    staying further proceedings, including but not limited to Defendant's obligation to file

21    responsive pleadings, in this matter pending the transfer decision by the Judicial Panel and a

22    determination of class certification by the transferor court.

23

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318

1    DATED this 18th day of April, 2007.

2                                    GARDNER BOND TRABOLSI PLLC

3                                    By:_____/s/_____
                                        Gary A. Trabolsi, WSBA No. 13215
4                                        Jeffrey T. Kestle, WSBA No. 29648
                                        Attorneys for Defendant MENU FOODS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT MENU FOODS' MOTION TO STAY
ALL PROCEEDINGS – CV 07-0455 JCC - 11

GARDNER BOND TRABOLSI PLLC
A T T O R N E Y S
2200 SIXTH AVENUE, SUITE 600
SEATTLE, WASHINGTON 98121
TELEPHONE (206) 256-6309
FACSIMILE (206) 256-6318